UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal Action No. 5: 21-042-DCR |
| Plaintiff/Respondent, ) | and |
| ) | Civil Action No. 5: 22-317-DCR-HAI |
| V. ) | |
| ) | |
| ANTHONY W. KING, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant/Movant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant/Movant Anthony King has filed a motion seeking to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Record No. 75] The motion was referred to United States Magistrate Judge Hanley A. Ingram for issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Ingram issued a Recommended Disposition on April 10, 2023, recommending that the defendant's motion be denied. [Record No. 92][1]

Despite the absence of objections, the Court has conducted a *de novo* review of the defendant's petition for collateral relief and agrees with Magistrate Judge Ingram's determination that King did not establish that his trial attorney was constitutionally ineffective.

---

[1] The Court makes a *de novo* determination of those portions of a magistrate judge's recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(C). However, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The parties did not submit any objections to the Magistrate Judge's R&R.

I.  Background

A federal grand jury indicted King on one count of possessing with the intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (Count 1) and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count 2). [Record No. 1] Attorney Pamela Perlman was appointed to represent King under the Criminal Justice Act. [Record No. 10]

After King was indicted, the United States filed a notice pursuant to 21 U.S.C. § 851, indicating that the defendant would be subject to an enhanced statutory punishment if convicted of Count 1. [Record No. 21] The government noted that the King's prior conviction for second degree assault in Fayette Circuit Court would render him eligible for the enhancement under 21 U.S.C. § 841(b)(1). [*Id.* at p. 1]

Perlman wrote to King on June 8, 2021, advising him of a potential sentence and including a copy of the government's proposed plea agreement. [Record No. 75-5] Perlman explained that King's prior assault conviction triggered application of a sentence enhancement under 21 U.S.C. §§ 841 and 851. She told King that, even with the enhancement, his sentencing range "[couldn't] be more than ten years." [*Id.* at p. 2] Perlman also informed King of his expected range under the United States Sentencing Guidelines, stating that his "base offense level of 21 and Criminal History of VI make [his] guideline range 77-96 [months]." [*Id.*] She further reminded King that the "guideline range outlined in the plea agreement is preliminary" and that "only [the Court] decides what [his] sentence is." [*Id.* at pp. 2-3]

Perlman filed a motion for re-arraignment on King's behalf on June 18, 2021. [Record No. 22] In an affidavit submitted with the government's response to King's § 2255 motion, she explained that she recognized that her original statement regarding the enhanced sentence

under section 851 was wrong while preparing for King's change-of-plea hearing. [Record No. 89-1, p. 1] As a result, Perlman immediately wrote to King telling him that "the 851 statute does apply because you have a prior felony. Instead of up to ten years, it's a mandatory minimum of ten years." [*Id.*] Perlman met with King after sending the second letter. During this meeting, King advised that he had decided to go to trial. [*Id.*] Perlman notified the Court, and a trial was reinstated for the defendant. [Record No. 28]

However, Perlman filed a second motion to allow the defendant to enter a guilty plea on August 3, 2021. [Record No. 39] During the defendant's later change-of-plea hearing, King confirmed that he had adequate time to review his plea agreement with Perlman and that he understood its terms. [Record No. 88, pp. 8-9] King further acknowledged that there were no promises made to him that caused him to plead guilty aside from those contained in the plea agreement . Additionally, he was neither threatened nor forced to plead guilty. [*Id.* at 14]

The Court then reviewed the relevant statutory penalties with tKing. [*Id.* at pp. 15-16] The undersigned explained during the colloquy that King was subject to a mandatory minimum sentence of ten years under Count 1 due to his prior assault conviction. [*Id.*] However, the Court could not calculate the defendant's expected sentence under the sentencing guidelines until the Presentence Investigation Report (PSR) had been prepared and any objections resolved. Additionally, the defendant acknowledged that he understood that the parties' guidelines recommendations "wouldn't be binding on the Court." [*Id.* at pp. 18-19] King confirmed that he understood the potential penalties that could be imposed. [*Id.* at p. 19]

As outlined in the PSR, the defendant's conviction under Count 1 required imposition of a mandatory minimum term of imprisonment of 10 years while the penalty to be imposed under Count 2 was subject to a maximum penalty of 10 years. [Record No. 93, p. 17] The PSR

outlined a recommended a base offense level of 24 under United States Sentencing Guidelines § 2D1.1(c)(8) because the defendant was convicted of possessing "at least 28 grams, but less than 12 grams, of cocaine base." [*Id.* at p. 5] It further recommended a four-level increase pursuant to U.S.S.G. § 2K2.1(b)(6)(B) because "the defendant used or possessed [a] firearm or ammunition in connection with another felony offense." [*Id.* at pp. 5-6] Thus, a Total Offense Level of 25 and Criminal History Category of VI, resulted in a guidelines imprisonment range of 110-137 months. [*Id.* at p. 17] [2]

King objected to the PSR's recommendation of a § 2K2.1(b)(6)(B) enhancement at his sentencing hearing. [Record No. 81, p. 3] The Court overruled the objection and adopted the guidelines calculation included in the PSR. [*Id.* at p. 24] The Court noted that while the defendant's guidelines range would normally be 110-137 months, King's range would be 120-137 months due to the mandatory minimum applied to his conviction for Count 1. [*Id.* at p. 27] King was ultimately sentenced to 137 months' imprisonment on Count 1, to run concurrently with a sentence of 120 months' imprisonment on Count 2. [*Id.* at p. 41]

Although King did not file a direct appeal following the sentencing hearing, he timely filed the present § 2255 motion. [Record No. 75] He alleges that Perlman was constitutionally ineffective by failing to: (i) challenge the sentencing Court's application of an enhancement under 21 U.S.C. §§ 841 and 851; (ii) object to the amount of drugs attributed to the defendant in his PSR; and (iii) to negotiate a more favorable plea agreement. [Record No. 75-1, pp. 3-5] King also claims that Perlman provided ineffective assistance when she initially advised him

---

[2] The PSR indicated that King was convicted of second-degree assault in Fayette County Circuit Court, for which he was sentenced to 5 years' imprisonment. [*Id.* at p. 7]

regarding a statutory minimum sentence and his estimated range under the sentencing guidelines. [*Id.* at pp. 12-14]

Magistrate Judge Ingram recommends denying all claims in King's § 2255 motion. [Record No. 92] He concludes that counsel did not err by failing to challenge the application of the § 851 enhancement because King's prior conviction properly served as a predicate offense for the enhancement. [*Id.* at pp. 5-8] Additionally, he states that Perlman was not ineffective for failing to challenge King's base offense level under the guidelines because he pleaded guilty to possessing 28 grams or more of cocaine base. [*Id.* at pp. 8-9] Magistrate Judge Ingram explains that King's claim that Perlman provided ineffective assistance in her June 8, 2021, letter fails because counsel corrected her error before King's change-of-plea hearing. [*Id.* at pp. 9-11] Similarly, Perlman's inaccurate estimate of King's guidelines range does not amount to ineffective assistance because King was made aware that her estimate was only a prediction and would not be binding on the Court. [*Id.* at pp. 11-12] Finally, the Magistrate Judge recommends denying the defendant's claim that counsel failed to negotiate a favorable plea offer because King has not identified any particular error on counsel's part during plea negotiations.

## II. Legal Standard

A federal prisoner may move a court that sentenced him to "vacate, set aside or correct the sentence" upon showing that the sentence is unlawful, that the court lacked jurisdiction, that the sentence is "in excess of the maximum authorized by law," or that the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255. "A motion brought under § 2255 must allege one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so

fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001). Relief under § 2255 is warranted only when a petitioner shows a fundamental defect which inherently results in a complete miscarriage of justice. *Miller v. United States*, 562 F. App'x 485, 490 (6th Cir. 2014) (citing *Davis v. United States*, 417 U.S. 333, 346 (1974)).

A defendant's right to counsel is violated when his attorney's performance falls below an objective standard of reasonableness and the defendant is prejudiced by counsel's performance. *Henness v. Bagley*, 766 F.3d 550, 554 (6th Cir. 2014) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Under the first prong, courts "take care to avoid 'second-guessing'" an attorney's discretion and "strongly presume" that counsel "made all significant decisions in the exercise of reasonable professional judgment." *Lundgren v. Mitchell*, 440 F.3d 754, 759-60 (6th Cir. 2014); *see also Strickland*, 466 U.S. at 690. To satisfy the second prong, a movant must demonstrate that counsel's deficient performance would have changed the outcome of the proceeding, considering "the totality of the evidence before the judge or jury." *Strickland*, 466 U.S. at 695-96. In other words, a defendant must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A movant must establish his claim of ineffective assistance by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

### III. Analysis

#### 1. Failure to Object to the § 851 Enhancement (the Assault Conviction)

King claims that Perlman was ineffective by failing to challenge the Court's application of a sentence enhancement under 21 U.S.C. §§ 841 and 851. Section 841(b) provides that a

defendant convicted of violating certain provisions of the statute is subject to an enhanced mandatory minimum sentence if the defendant has a "prior conviction for a . . . serious violent felony." 21 U.S.C. § 851 requires the government to file a timely notice of its intent to rely on the defendant's prior conviction for the purpose of an enhancement under section 841. Courts may not rely on convictions that are "wholly unconstitutional under *Gideon v. Wainwright*, 372 U.S. 335 (1963)" to enhance a defendant's sentence. *United States v. Tucker*, 404 U.S. 443 (1972); *see also Hobson v. Robinson*, 27 F. App'x 443, 445 (6th Cir. 2001) ("Clearly established federal law prohibits the use of uncounseled convictions to enhance punishment.").

The United States properly filed a § 851 notice, indicating that King would be subject to an enhancement penalty due to his prior assault conviction. [Record No. 21] King does not challenge the validity of the government's notice, nor does he dispute that second degree assault constitutes a "serious violent felony" under section 841(b). Instead, he claims that the enhancement should not apply because he pleaded guilty to the charge without the assistance of counsel. [Record No. 75-1, pp. 31-32] But this assertion is without basis.

The Judgment regarding King conviction for assault states that he appeared in Fayette Circuit Court "with his attorney, Hon. C. Shane Neal," and that his attorney was afforded "an opportunity to make statements in the Defendant's behalf." [Record No. 94, p. 1] Moreover, as Magistrate Judge Ingram notes in his Recommended Disposition, public records establish that King's attorney was present at all stages of the proceedings, including the arraignment, change-of-plea, and sentencing hearings. [Record No. 92, p. 7] King has failed to demonstrate that he did not have counsel at any stage of this prior conviction. *See Hobson*, 27 F. App'x at 445 (noting that the "burden was upon [the defendant] to prove the invalidity or

unconstitutionality of . . . prior convictions"). Thus, Perlman was not ineffective in failing to object to use of that conviction to enhance his sentence.

### 2. Failure to Object to the § 851 Enhancement (Other Uncounseled Convictions)

King asserts throughout his § 2255 motion that Perlman provided ineffective assistance when she failed to "challenge or object to the 'uncounseled priors'" that were used to calculate his criminal history and enhance his sentence. [Record No. 75-1, p. 31] But as the Magistrate Judge notes, King has not identified any conviction that was obtained without counsel or that was otherwise unconstitutional. [Record No. 92, p. 8] He has accordingly failed to meet his burden of demonstrating an "irregularity in the proceedings" under *Hobson*, 27 F. App'x at 445. Like his previous claim, King has failed to show that Perlman's performance was unreasonable or that her conduct prejudiced him.

### 3. Failure to Object to the PSR

King also argues that Perlman was ineffective for failing to object to the base offense level in his PSR. [Record No. 75-1, pp. 41-42] He alleges that the probation officer should have recommended a Base Offense Level of 12 rather than 24 because "[u]nder the First Step Act, 46.674 grams of crack is equal to 46.674 grams of cocaine, and that would have a base offense level of 12." [*Id.* at p. 41] However, as Magistrate Judge Ingram notes, King is "simply mistaken on the effects of the First Step Act." [Record No. 92, p. 9]

The Fair Sentencing Act of 2010 ("FSA") was enacted to reduce the disparity between sentences for crack cocaine and powder cocaine offenses. *See* Pub. L. No. 11-220, 124 Stat. 2372; *see also Dorsey v. United States*, 567 U.S. 260, 263 (2012). To that end, the FSA "increased the quantity of crack cocaine required to trigger a mandatory minimum sentence from 5 grams to 28 grams." *United States v. Beamus*, 943 F.3d 789, 791 (6th Cir. 2019). The

- 8 -

First Step Act made the modified penalties under the FSA retroactive by authorizing courts to "impose a reduced sentence as if" the FSA were "in effect at the time the covered offense was committed." *Id.* (citing First Step Act of 2018, § 404(a), (b), Pub. L. No. 115-391, 132 Stat. 5194, 5222).

King is not entitled to relief under either the FSA or the First Step Act because he possessed "at least 28 grams . . . of cocaine base." [Record No. 93, p. 5] His plea agreement provides that police seized "approximately 50 grams of suspected crack cocaine" at the time of his arrest, which was "found to contain 46.674 [grams] of cocaine base (crack)" after being tested. [Record No. 48, p. 2] King admitted to these facts in his plea agreement at his change-of-plea hearing. [Record No. 88, p. 27]

Because King undisputedly possessed more than 28 grams of crack cocaine, he was subject to a mandatory minimum for Count 1 even under the FSA's more lenient statutory penalties. *See Beamus*, 943 F.3d at 791. He is not entitled to relief under the First Step Act because that statute merely applies the FSA's modified penalty provisions retroactively. Contrary to King's claims, the First Step Act does not "make crack and cocaine equivalent," as the Magistrate Judge explains. [Record No. 92, p. 9] The defendant's PSR properly recommended a base offense level of 24 under U.S.S.G. § 2D1.1(c)(8). [Record No. 93, p. 5] King has not demonstrated that Perlman's failure to object to that base offense level was ineffective, and he has not established prejudice.

### 4. Providing an Incorrect Statutory Sentencing Range

King alleges that Perlman provided ineffective assistance when she informed him that he faced a maximum sentence of ten years' imprisonment. [Record No. 75-1, pp. 18-19] He

contends that her erroneous advice prevented him from "mak[ing] an informed decision of whether to plead guilty or to proceed to trial." [*Id.* at p. 19]

As Perlman recognizes in her affidavit, and the Magistrate Judge affirms, Perlman's initial statement to King that he faced a sentence of five to ten years under 21 U.S.C. § 851 was incorrect. [Record Nos. 89-1, p. 1, 92, p. 10] However, King cannot claim that this error constitutes ineffective assistance because he was properly informed of the relevant statutory penalties in a follow-up letter from his attorney, in his plea agreement with the government, and during a later change-of-plea hearing. Importantly, King did not act on the incorrect information.

Perlman sent King a follow-up letter after the initial letter in which she stated to the defendant "[t]he 851 statute does apply because you have a prior violent felony. Instead of up to ten years, it's a mandatory minimum of ten years." [Record No. 89-1, p. 1] Additionally, King's plea agreement with the government correctly informed him that his "enhanced statutory punishment for Count 1 [was] imprisonment for not less than 10 years nor more than life," and that Count 2 carried a sentence of "not more than 10 years." [Record No. 48, p. 3] With this corrected information, King (through counsel) filed a second motion for re-arraignment on August 5, 2021. [Record No. 45] He simply cannot claim that he was unaware of his sentencing range prior to his change-of-plea hearing.

But even if Perlman had failed to correct the misrepresentation contained in her initial letter, the Court properly advised King of his potential sentence in accordance with Rule 11 of the Federal Rules of Criminal Procedure. And once a defendant is properly informed in accordance with Rule 11, "an attorney's inaccurate prediction about a possible sentence to be imposed in an ongoing criminal case does not satisfy the deficiency prong of *Strickland*."

*Jones v. Holland*, No. 5: 13-66-GFVT, 2013 WL 11079776, at * 3 (E.D. Ky. Mar. 26, 2013) (collecting cases).

The Court reviewed the relevant statutory penalties with King during his change-of-plea hearing and informed him that, due to his prior qualifying conviction, he would be subject to a mandatory minimum sentence of ten years' imprisonment. [Record No. 88, p. 16] And King confirmed his understanding that "those [were] the maximum penalties that could be imposed for what's charged in Counts 1 and 2 of the indictment." [*Id.*] King cannot claim that a single misrepresentation from his attorney amounted to objectively unreasonable performance under *Strickland*'s first prong.

Moreover, King has not demonstrated that his attorney's misstep prejudiced him because he ultimately decided to plead guilty after Perlman correctly informed him of the applicable mandatory minimum sentence. Because counsel corrected her mistake before King's change of plea hearing, he has not demonstrated that "but for counsel's errors, he would have pleaded guilty and would have insisted on going to trial." *McAdoo v. Elo*, 365 F.3d 487, 498 (6th Cir. 2004) (quoting *Hill v. Lockhart*, 106 S. Ct. 366 (1985)).

### 5. Inaccurate Estimate of the Guidelines Range

King argues that Perlman was ineffective by providing an inaccurate estimate of his potential sentence. [Record No. 75, p. 40] He notes that she indicated in a letter dated July 26, 2021, that King's guidelines range would be reduced to "77-96 months" if he pleaded guilty; however, his PSR recommended a guidelines range of 110 to 137 months' imprisonment. [Record Nos. 89-1, p. 7, 93, p. 17] King asserts that this erroneous information caused him to plead guilty. But the facts do not support this argument.

This claim fails under both prongs of *Strickland*. Perlman's failure to accurately calculate King's guidelines range does not amount to objectively unreasonable performance because he received corrected and accurate information about his potential sentence before he pleaded guilty. As explained earlier, the Court satisfied the requirements of Rule 11 and insured that King fully understood the applicable statutory penalties before he entered a guilty plea. Moreover, he was advised the recommendation in the parties' plea agreement regarding the potential guidelines range was just that: "only a recommendation" and "wouldn't be binding on the Court." [Record No. 88, p. 19] Any earlier, inaccurate statement from Perlman was cured by the Court's colloquy with King during his change-of-plea hearing.

Next, even if Perlman's inaccurate (but later corrected) prediction amounted to unreasonable performance, King cannot show that such constituted prejudice. A defendant claiming that counsel has improperly advised him or her to plead guilty must make a subjective *and* an objective showing of prejudice. *United States v. Lundy*, No. 6:08-CR-02-DCR-REW, 2012 WL 928697, at *5 (E.D. Ky. Feb. 27, 2012). Under the subjective component, the defendant must offer that he would have proceeded to trial if counsel had properly advised him. *Id.* (citing *Hill*, 106 S. Ct. at 371). And under the objective component, the defendant must "convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Id.* (citing *Pilla v. United States*, 2012 WL 360449, at *3-4 (6th Cir. Feb. 6, 2012)). In determining whether a defendant has satisfied the objective component of this analysis, Courts consider "such objective factors as the strength of the government's case versus the strength of the defense case and any sentencing benefit received through the plea bargain versus the possible penalties to which the defendant would have been subjected if

convicted after a trial." *Frost v. United States*, 2007 WL 1960605, at *4 (W.D. Va. July 5, 2007).

King satisfied the subjective component by claiming that, but for his attorney's inaccurate estimate of his guidelines range, he would have proceeded to trial. [Record No. 75-1, p. 19] However, he has not demonstrated that any decision to proceed to trial would have been rational under the circumstances. *Lundy*, 2012 WL 928697, at *6. The factual basis in King's plea agreement establishes that the government possessed ample evidence to establish that the defendant committed the offenses charged in the indictment. [Record No. 48, pp. 2-3] And the strength of the government's evidence against King prevents him from demonstrating that a decision to proceed to trial would have been reasonable.

Additionally, the defendant's claim that he would have benefitted from going to trial is undermined by the fact that he received a three-point reduction to his guidelines offense level in exchange for his guilty plea. [Record No. 93, p. 6] Perlman's inaccurate estimate of King's guidelines range did not prejudice him because proceeding to trial would have been irrational.

### 6. Failure to Negotiate a More Favorable Plea Agreement

"[T]he failure to negotiate a different plea agreement may be characterized as trial strategy that does not constitute ineffective assistance of counsel." *United States v. Jones*, No. 5: 10-CR-78-JMH-EBA, 2015 WL 2342867, at *8 (E.D. Ky. May 14, 2015). To demonstrate that an attorney's conduct during plea negotiations was constitutionally ineffective, a defendant must show that "counsel did not attempt to learn the facts of the case and failed to make a good-faith estimate of a likely sentence. He must also show that his lawyer's deficiency was a decisive factor in his decision to plead guilty." *Pough v. United States*, 442 F.3d 959, 966 (6th Cir. 2006) (citation omitted).

Here, King alleges that Perlman was ineffective by failing to obtain a more favorable plea offer. [Record No. 75-1, p. 2] However, he has not offered any information indicating that Perlman did not learn the facts of his case. He has also failed to identify any "particular mistake or material omission on [Perlman's] part" that amounted to unreasonable performance, aside from the misrepresentations in her letters that are addressed above. [Record No. 92, p. 12] His claim will be denied for failure to explain how counsel's conduct during the plea process was "anything other than sound trial strategy." *Jones*, 2015 WL 2342867, at *8.

But even if Perlman's performance was unreasonable, King has not demonstrated that he suffered prejudice as a result. For reasons explained above, King cannot show that he would have proceeded to trial if not for his attorney's alleged failures. Additionally, he has not made any showing that the government would have agreed to a plea agreement with more favorable terms. *See Jones*, 2015 WL 2342867, at *9 (noting that to demonstrate prejudice in the context of an attorney's failure to negotiate a more favorable plea agreement, the defendant must show that "the government would have negotiated a different plea agreement with him . . . [or that the defendant's] hypothetical, different plea agreement would be more favorable to him than the one negotiated by counsel").

## IV. Evidentiary Hearing

King requests an evidentiary hearing on the claims in his § 2255 motion. Section 2255 provides that, "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." The Sixth Circuit has recognized that when a movant alleges facts that entitle him to relief, "a district court may only forego a hearing where 'the petitioner's allegations cannot be accepted as true

because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *MacLloyd v. United States*, 684 F. App'x 555, 559 (6th Cir. 2017) (citation omitted).

King's request for an evidentiary hearing will be denied because the factual allegations in his § 2255 motion are either insufficiently alleged or contradicted by evidence in the record. His claim that the assault conviction supporting his § 851 enhancement was uncounseled is flatly contradicted by Fayette Circuit Court records which demonstrate that an attorney assisted the defendant throughout his proceedings in state court. And his claims that Perlman misrepresented his potential sentence do not require an evidentiary hearing because, even if true, counsel's statements do not amount to constitutionally ineffective assistance.

Next, King is not entitled to an evidentiary hearing on his claims that counsel's errors led him to enter a guilty plea because the Court thoroughly informed him of the contents of his plea agreement, the consequences of his decision to plead guilty, and his prospective sentence at his change-of-plea hearing. After indicating that he understood that information, the defendant proceeded to state, under oath, that he was guilty of the crimes charged in the indictment. His in-court statements "carry a strong presumption of verity" and undermine his claims that he was misinformed at the time he pleaded guilty. *United States v. Torres*, No. 6:17-CR-40, 2022 WL 983146, at *8 (E.D. Ky. Mar. 30, 2022) (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74) (1977)).

Finally, King's conclusory allegation that Perlman failed to negotiate a more favorable plea agreement, without indicating how her conduct was ineffective or that the government would have been amenable to an agreement with more lenient terms, does not warrant an evidentiary hearing.

### V. Certificate of Appealability

The Court must issue or deny a certificate of appealability when it enters a final order that is adverse to the movant in a § 2255 proceeding. Rule 11 of the Rules Governing § 2255 Proceedings; 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may be issued only when the defendant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this burden, the defendant must show that reasonable jurists could debate whether the petition should have been resolved in a different way or that the issues involved were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4) (1983)).

Reasonable jurists would not debate the abvoe conclusions. King has failed to rebut the "strong presumption" that trial counsel's conduct "[fell] within the wide range of reasonable professional assistance." *Frazier v. Huffman*, 343 F.3d 780, 794 (6th Cir. 2003). Perlman reasonably exercised her professional judgment in failing to object to King's § 851 enhancement because any challenge to the enhancement would not have succeeded. Similarly, she was not ineffective for failing to challenge King's PSR because the probation officer properly recommended a base offense level of 24. Even if Perlman provided inaccurate information regarding King's sentence in her letters to the defendant, her advice did not prejudice him because he was sufficiently informed of his potential sentence at his change-of-plea hearing. Finally, the defendant has not demonstrated that Perlman's representation prevented him from receiving a more favorable plea agreement.

## VI. Conclusion

Based on the foregoing analysis and discussion, is hereby

**ORDERED** as follows:

1. United States Magistrate Judge Hanly A. Ingram's Recommended Disposition [Record No. 92] is **ADOPTED** and **INCORPORATED** by reference.

2. Defendant/Movant Anthony King's motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 [Record No. 75] is **DENIED**. His claims are **DISMISSED**, with prejudice.

3. A Certificate of Appealability will not issue.

4. King's request for an evidentiary hearing is **DENIED**.

Dated: May 8, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky