UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal Action No. 5: 21-042-DCR |
| Plaintiff, ) | and |
| ) | Civil Action No. 5: 22-317-DCR |
| V. ) | |
| ) | |
| ANTHONY W. KING, ) | **MEMORANDUM ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Anthony King has filed a *pro se* motion to alter or amend this Court's decision denying him free copies of court records. The motion will be denied because King has failed to identify any error of law, newly discovered evidence, or manifest injustice that would result from a failure to set aside the Court's prior decision.

**I.**

In December 2022, King filed a motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255. United States Magistrate Judge Hanly A. Ingram issued a Recommended Disposition, ("Recommendation") recommending that the motion be denied on April 10, 2023. Even though King did not file any objections to the Recommendation, the undersigned conducted a *de novo* review and adopted the Recommendation in full on May 8, 2023.

The record indicates that the Clerk of the Court mailed King copies of the Recommendation as well as the Memorandum Opinion and Judgment adopting it on the date each was issued. The Clerk sent these documents to King's address of record at USP McCreary

in Pine Knot, Kentucky. On June 2, 2023, the Court's May 8, 2023, entries were returned as undeliverable. [Record No. 97]

On July 11, 2023, the Court received a letter from King (dated June 28, 2023) stating that he had a new address at USP Big Sandy in Inez, Kentucky. That day, King also filed a motion (dated July 3, 2023) requesting free copies of several documents for the apparent purpose of preparing late objections to the Recommendation. The Court denied the motion, noting that a § 2255 petitioner must have an application pending to be entitled to free documents under 28 U.S.C. § 2250. Further, King did not establish that he had been prejudiced by the alleged inability to object to the Recommendation because this Court had reviewed it *de novo*.

King now seeks reconsideration of the Court's decision pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. He concedes that he may not be entitled to some of the documents requested previously, but contends that the Court erred in declining to provide him with copies of the Recommendation and the Court's Order and Judgment denying his § 2255 motion. [*See* Record Nos. 92, 95, and 96.]

Relief under Rule 59(e) is appropriate only when the movant identifies a clear error of law, newly discovered evidence, an intervening change in controlling law, or a need to prevent manifest injustice. *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 839, 841 (6th Cir. 2018). King has not demonstrated that any of these circumstances exist in this case. The Court notes as an initial matter that the Recommendation was issued and mailed to King approximately one month prior to his move to USP Big Sandy. And it was not returned to the Clerk as undelivered. Regardless, a defendant's failure to object to a Magistrate Judge's report and recommendation due to his own failure to bring a change of address to the Court's attention

constitutes a failure to object in a timely manner. *Blackwell v. Warden, Lebanon Corr. Inst.*, 2009 WL 764638, *1 n.1 (S.D. Ohio Mar. 20, 2009) (citing *Theede v. United States Dep't of Labor*, 172 F.3d 1262, 1265 (10th Cir. 1999)). Thus, this does not constitute a basis for relief under Rule 59(e).

King argues that the Court's Order and Judgment denying his § 2255 motion were never "properly served to him," thus establishing a special need entitling him to free documents. However, King fails to acknowledge that his failure to timely notify the Court of his address change is the reason he did not receive the documents. A *pro se* litigant has an affirmative duty to diligently pursue the prosecution of his case—this includes supplying the Court with all changes in his address. *Id.* (citing *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991); *Barber v. Runyon*, 1994 WL 163765, at *1 (6th Cir. May 2, 1994)).

In summary, King has failed to identify any reason permitted under Rule 59(e) for disturbing the Court's prior decision. He remains free to contact the Clerk of Court to arrange payment for the requested copies.

## II.

Based on the foregoing, it is hereby

**ORDERED** that King's motion [Record No. 101] is **DENIED**.

Dated: August 7, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky