UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal Action No. 5: 21-042-DCR |
| Plaintiff/Respondent, ) | and |
| ) | Civil Action No. 5: 22-317-DCR |
| V. ) | |
| ) | |
| ANTHONY W. KING, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant/Movant. ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Defendant Anthony King's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 was recently reopened so that he could file objections to the Magistrate Judge's Recommended Disposition and Order. [Record No. 110] King has submitted objections, and the matter is now ripe for decision. King argues that the Magistrate Judge "did not provide [him] liberal review upon the merits raised on § 2255." [Record No. 112] He cites no particular matter that the Magistrate Judge should have construed more liberally but does attempt to add a new claim to his § 2255 motion and has filed a separate motion to amend. [Record No. 111]

King contends that this Court must allow him to add the claim that his attorney provided ineffective assistance by failing to argue that his prior conviction for second-degree assault did not constitute a serious violent felony for purposes of enhancing his sentence under 21 U.S.C. § 841(b)(1)(B). Specifically, he argues that under the categorical approach, the least culpable conduct to satisfy the Kentucky assault statute (i.e., wantonness) does not constitute a serious violent felony. He therefore contends that his conviction does not count for purposes of calculating his sentence. *See* Ky. Rev. Stat. § 508.020.

Objections to the Recommended Disposition cannot be used to add new claims without compelling reasons. *Clark v. United States*, 764 F.3d 653, 656 (6th Cir. 2014) (citing *Murr v. United States*, 200 F.3d 895, 902 (6th Cir. 2000)). The defendant has not provided any here. Notwithstanding that rule, the Court grants leave to amend freely when justice so requires. It evaluates several factors in making that determination, including, "undue delay in filing, lack of notice to the opposing party, bad faith by the opposing party, repeated failure by previous amendment, undue prejudice to the opposing party, and futility of amendment." *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998). Taken together, these factors weigh against granting the motion for leave to amend.

King's motion is woefully delayed, as it was filed over 21 months after King filed his motion for relief under § 2255 and after the Magistrate Judge issued a Recommended Disposition and Order. Further, allowing amendment of the motion would result in prejudice to the United States, which has already invested significant time and resources in responding to King's motion. But most importantly, the requested amendment would be futile.

To prevail on the claim that King seeks to add, he would have to show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced by her failure to argue that his prior conviction for second-degree assault did not qualify as a serious violent felony for purposes of 21 U.S.C. § 841(b)(1)(B). *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). King cannot meet his burden.

In support of his claim, King cites *Borden v. United States*, 593 U.S. 420, 429 (2021), decided approximately sixth months prior to the defendant's sentencing hearing. In *Borden*, the Supreme Court held that the elements clause of "violent felony"—an offense requiring the "use of physical force against the person of another"—does not include offenses criminalizing

reckless conduct. The Kentucky statute provides that a person is guilty of second-degree assault when he "wantonly causes serious physical injury to another person by means of a deadly weapon or dangerous instrument." Ky. Rev. Stat. § 508.020(1)(c). King contends that recklessness is equivalent to wantonness. Thus, when the categorical approach is applied, his prior conviction does not qualify as a violent felony as required to enhance his sentence under 21 U.S.C. § 841(b)(1)(B).

Prior to Borden, the Sixth Circuit and courts within this district consistently recognized that a violation of Kentucky's second-degree assault statute categorically constitutes a crime of violence. *See United States v. Maynard*, 894 F.3d 773, 775 (6th Cir. 2018); *United States v. Money*, 2021 WL 1435276, at *6 (E.D. Ky. 2021). Following the decision in *Borden*, the Sixth Circuit has not ruled on whether Kentucky's second-degree assault statute is divisible and thus whether Shepard documents may be consulted to determine whether a defendant's violation of it constitutes a crime of violence. *United States v. Wright*, 2023 WL 4995748, at *3 (6th Cir. Aug. 4, 2023). However, counsel's failure "to present a novel legal argument when the caselaw is ambiguous does not constitute ineffective assistance." *Alexander v. Smith*, 311 F. App'x 875, 887 (6th Cir. 2009) (*per curiam*).

In the face of unsettled law, this Court would have been under no obligation to sustain any objection counsel might have made to the defendant's sentence enhancement under 18 U.S.C. § 841(b)(1)(B). And while King's mandatory minimum sentence was 120 months' imprisonment due to the enhancement, his advisory guidelines range was 110 to 137 months. In sentencing King to the top of the guidelines range, the Court focused on his criminal history, including being a felon in possession of a firearm, numerous controlled substance convictions, fleeing and evading, and his prior conviction for second-degree assault. That conviction was

originally charged as first-degree assault based on a complaint stating that the defendant caused serious physical injury by means of a deadly weapon, to wit, shooting a person in the back of the head with a semiautomatic pistol. [Record No. 81] Despite the charge being amended down, King received a five-year prison sentence.

Regardless of the mandatory minimum penalty, the Court concluded—and remains persuaded—that the top of the guidelines range is the appropriate sentence. Accordingly, King was not prejudiced by his attorney's failure to argue that second-degree assault is not a "serious violent felony" for purposes of 21 U.S.C. § 841(b)(1)(B). King's motion to amend his § 2255 motion to add this claim is severely delayed and the amendment would be futile.

A certificate of appealability will not issue because King has not made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c). Considering the relevant legal authority at the time of King's sentencing, his attorney did not provide ineffective assistance by failing to argue that his conviction for second-degree assault was not a serious violent felony. King also was not prejudiced by her failure to make this argument because it would have been rejected. Further, he ultimately received a sentence at the top of his guidelines range—not the statutory minimum. Reasonable jurists would not debate the Court's conclusions or find that these issues deserve further analysis. *See Miler-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Accordingly, it is hereby **ORDERED** as follows:

1.  The defendant's motion to amend his § 2255 motion [Record No. 111] is **DENIED**.

2.  The defendant's objections to the United States Magistrate Judge's Recommended Disposition and Order [Record No. 112] are **OVERRULED**.

3. The Court again **ADOPTS** and **INCORPORATES** by reference the United States Magistrate Judge's Recommendation Disposition and Order [Record No. 92]

4. A certificate of appealability will not issue.

Dated: December 12, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky